**BROWN KWON & LAM, LLP**
Clara Lam, Esq. (CL6399)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CONSTANTINA SMITH,** *on behalf of herself and others similarly situated*, <br><br> **Plaintiff,** <br><br> - against - <br><br> **JAS TLC, LLC d/b/a NY-CAREGIVERS, and CECILIA DENITEZ-CRESCO,** <br><br> **Defendants.** | **Case No: 7:26-cv-6437** <br><br><br> **COLLECTIVE ACTION COMPLAINT** |

Plaintiff CONSTANTINA SMITH ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as to other matters, by and through her undersigned attorneys, hereby files this Collective Action Complaint against Defendants, JAS TLC, LLC d/b/a NY-CAREGIVERS (the "Corporate Defendant"), and CECILIA DENITEZ-CRESCO (the "Individual Defendant," and together with Corporate Defendant, "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2.      Plaintiff also brings this action on behalf of herself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., the supporting New York State Department of Labor Regulations, seeking from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

3.      Plaintiff further alleges, pursuant to the FLSA, 29 U.S.C. § 215(a)(3), and NYLL § 215, that Defendants retaliated against Plaintiff for complaining of Defendants' unlawful wage practices, seeking from Defendants: (1) economic damages, (2) emotional distress damages, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

5.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

### *CONSTANTINA SMITH*

8. Plaintiff CONSTANTINA SMITH is an adult who resides in Dutchess County, New York.

9. Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

10. Plaintiff retained Brown Kwon & Lam, LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

### *Defendants*

11. At all relevant times, Defendants owned and operated a home healthcare agency under the tradename "NY-Caregivers," providing in-home care for the Hudson Valley area and the surrounding counties, including the counties of Dutchess, Westchester, Putnam, Orange, Ulster and the greater New York City area.

12. At all relevant times, NY-Caregivers is operated through Corporate Defendant JAS TLC, LLC.

13. At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

14. At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

15. At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL.

*JAS TLC, LLC*

16. Corporate Defendant JAS TLC, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and address for service of process located at 18 Balsam Road, Hyde Park, New York 12538.

17. At all relevant times, Corporate Defendant JAS TLC, LLC has done business as "NY-Caregivers".

18. At all relevant times, Defendants operated NY-Caregivers through Corporate Defendant JAS TLC, LLC.

19. At all relevant times, Corporate Defendant JAS TLC, LLC had an annual dollar volume of sales in excess of $500,000.

20. Corporate Defendant JAS TLC, LLC is a covered "employer" within the meaning of the FLSA and NYLL.

21. Corporate Defendant JAS TLC, LLC employed Plaintiff and similarly situated employees.

22. At all relevant times, Corporate Defendant JAS TLC, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

23. At all relevant times, Corporate Defendant JAS TLC, LLC applied the same employment policies, practices and procedures to all non-exempt employees at NY-Caregivers.

*CECILIA DENITEZ-CRESCO*

24. At all relevant times, Individual Defendant CECILIA DENITEZ-CRESCO was an owner and operator of NY-Caregivers.

4

25. At all relevant times, Individual Defendant CECILIA DENITEZ-CRESCO was the Chief Executive Officer of NY-Caregivers.

26. At all relevant times, Individual Defendant CECILIA DENITEZ-CRESCO was a principal of each of the Corporate Defendants.

27. Individual Defendant CECILIA DENITEZ-CRESCO is a covered "employer" within the meaning of the FLSA and NYLL.

28. Individual Defendant CECILIA DENITEZ-CRESCO employed Plaintiff and similarly situated employees.

29. At all relevant times, Individual Defendant CECILIA DENITEZ-CRESCO was directly involved in managing the operations of NY-Caregivers.

30. At all relevant times, Individual Defendant CECILIA DENITEZ-CRESCO had authority over personnel or payroll decisions and employment policies, practices and procedures at NY-Caregivers.

31. At all relevant times, Individual Defendant CECILIA DENITEZ-CRESCO had the power to hire, fire, promote or discipline Plaintiff and similarly situated employees, and control the terms and conditions of their employment at NY-Caregivers, including their work assignments, work schedules, pay and responsibilities.

32. At all relevant times, Individual Defendant CECILIA DENITEZ-CRESCO had the power to hire, fire, promote, discipline, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at NY-Caregivers.

33.     At all relevant times, Individual Defendant CECILIA DENITEZ-CRESCO had the power to prevent or stop any unlawful practices that harmed Plaintiff and similarly situated employees at NY-Caregivers.

34.     At all relevant times, Individual Defendant CECILIA DENITEZ-CRESCO had the power to maintain employment records, including time and/or wage records of employees at NY-Caregivers.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of herself and all similarly situated current and former non-exempt employees employed at NY-Caregivers, owned, operated, and/or controlled by Defendants, from the date that is three (3) years prior to the filing of the Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

36.     At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members the full and proper overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

37.     All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

6

38.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

39.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

**STATEMENT OF FACTS**

40.     From in or around August 2025, Plaintiff was employed by Defendants as a home health aide at NY-Caregivers. At all relevant times, Defendants assigned Plaintiff to provide in-home health care to different patients that they were contracted to work with.

41.     At all times, regardless of which patient Plaintiff provided in-home health care to, the payor on her wage statements was Corporate Defendant JAS TLC, LLC.

42.     Based on Plaintiff's observations, other employees were also assigned to provide in-home health care to various patients that Defendants were contracted to work with.

43.     At all relevant times, Plaintiff typically worked twelve (12) hour shifts. From in or around August 2025 through in or around December 2025, the shifts were typically either from 9:00am to 9:00pm or from 9:00pm to 9:00am. From in or around January 2026, the shifts were typically either from 8:00am to 8:00pm or from 8:00pm to 8:00am. At all relevant times, Plaintiff regularly worked between five (5) to eight (8) shifts per workweek, working between sixty (60) to ninety-six (96) hours per workweek. On occasion, Plaintiff covered other employees' shifts and worked shifts in addition to her regular shifts. At all relevant times, Plaintiff worked without any uninterrupted breaks. Based on Plaintiff's observations, FLSA Collective Members worked similar hours as Plaintiff, including overtime hours in excess of forty (40) hours per workweek.

44.    From in or around August 2025 through April 2026, Defendants compensated Plaintiff on a straight-time basis at an hourly rate of $20.00 per hour, for all hours worked. From in or around May 1, 2026, Defendants compensated Plaintiff on a straight-time basis at an hourly rate of $21.00 per hour, for all hours worked.

45.    Based on Plaintiff's observations and conversations with other employees, FLSA Collective Plaintiffs were similarly compensated and were not paid their full and proper overtime wages for overtime hours worked. On or about June 5, 2026, when Plaintiff had contacted Individual Defendant CECILIA DENITEZ-CRESCO regarding her right to overtime pay, another co-worker called Plaintiff and informed her that Defendants do not pay overtime and further that if Plaintiff did not want to work the additional hours, then she should have told Defendants.

46.    Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked over a spread of ten (10) hours in a given workday but was never paid the spread-of-hours premium for workdays that exceeded a spread of ten (10) hours per day. Based on Plaintiff's observations, similarly situated employees also regularly worked ten (10) hour workdays but were not paid a spread-of-hours premium.

47.    Throughout her employment with Defendants, Plaintiff did not receive proper notices of pay rate or pay day from Defendants at hire or before the changes in pay, as required under the NYLL.

48.    Based on Plaintiff's observations at NY-Caregivers, Defendants failed to provide Plaintiff and similarly situated employees with proper notices of pay rate and pay day from Defendants so as not to provide them with notice regarding their overtime rate as Defendants had a policy of not compensating Plaintiff and similarly situated employees at time-and-a-half for their overtime hours worked. Plaintiff and similarly situated employees were harmed by Defendants'

lack of proper notice of pay rates as it deprived them of knowledge of their overtime rates as well as that they should have been entitled to overtime pay. Due to Defendants' lack of proper notice, Plaintiff and similarly situated employees did not receive overtime pay for their overtime hours worked.

49.     Throughout her employment with Defendants, Plaintiff did not receive proper wage statements from Defendants. Specifically, Defendants' wage statements that were provided to Plaintiff did not state her full and proper pay. Moreover, the wage statements failed to properly record the number of hours worked by Plaintiff and her rate of pay—only reporting the gross amount for each pay period.

50.     Based on Plaintiff's observations at NY-Caregivers, Defendants provided the same deficient wage statements to Plaintiff and similarly situated employees which failed to properly report their hours worked and proper pay rates, resulting in unpaid overtime for their overtime hours worked.

51.     Based on Plaintiff's observations at NY-Caregivers, Defendants failed to pay Plaintiff and FLSA Collective Members their full and proper overtime wages.

52.     Based on Plaintiff's observations at NY-Caregivers, Defendants failed to pay Plaintiff and similarly situated employees their spread-of-hours premium.

53.     Based on Plaintiff's observations at NY-Caregivers, Defendants failed to provide proper wage notices to Plaintiff and similarly situated employees.

54.     Based on Plaintiff's observations at NY-Caregivers, Defendants failed to provide proper wage statements to Plaintiff and similarly situated employees. The wage statements that were provided to Plaintiff and similarly situated employees failed to accurately reflect their actual hours worked and their proper overtime pay.

9

55. Defendants knowingly and willfully operated their business with a policy of failing to pay the proper overtime to Plaintiff and FLSA Collective Members, in violation of the FLSA and NYLL.

56. Defendants knowingly and willfully operated their business with a policy of failing to pay the spread-of-hours premium to Plaintiff and similarly situated employees, in violation of the NYLL.

57. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and similarly situated employees pursuant to the requirements of the NYLL.

58. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and similarly situated employees pursuant to the requirements of the NYLL.

59. On or about June 5, 2026, Plaintiff messaged Individual Defendant CECILIA DENITEZ-CRESCO regarding her right to overtime pay. A co-worker then called Plaintiff and informed her that Defendants did not pay overtime and that Plaintiff should have told Individual Defendant CECILIA DENITEZ-CRESCO if she did not want to work the extra hours. Thereafter, Defendants retaliated against Plaintiff for complaining of unpaid overtime by continuing to keep Plaintiff on a significantly reduced work schedule compared to before her complaint and refusing to assign Plaintiff shifts to make up for the work hours that was initially reduced on or about May 25, 2026, following the passing of a patient.

**STATEMENT OF CLAIMS**

**FIRST CAUSE OF ACTION**
***Unpaid Wages in Violation of the Fair Labor Standards Act***

60.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.    The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

62.    Defendants failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

63.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

64.    Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the proper overtime for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

65.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

66.    As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime in accordance with the

11

FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

67.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

### SECOND CAUSE OF ACTION
#### *Unpaid Wages in Violation of the New York Labor Law*

68.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.    At all times relevant, Plaintiff and similarly situated employees have been employees of Defendants, and Defendants have been employers of Plaintiff and similarly situated employees within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

70.    Defendants failed to pay Plaintiff and similarly situated employees the full and proper overtime to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

71.    Defendants failed to pay Plaintiff and similarly situated employees the spread-of-hours-premium.

72.    Defendants failed to furnish Plaintiff and the similarly situated employees with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

12

allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

73.    Defendants failed to furnish Plaintiff and the similarly situated employees with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

74.    Defendants failed to properly disclose or apprise Plaintiff and similarly situated employees of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

75.    As a result of Defendants' willful violations of the NYLL, Plaintiff and similarly situated employees are entitled to recover from Defendants their unpaid overtime, unpaid spread-of-hours premium, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

### THIRD CAUSE OF ACTION
### *Retaliation in Violation of the Fair Labor Standards Act*

76.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.    Plaintiff is an employee and a protected person within the meaning of the FLSA and Defendants are covered employers under the FLSA.

78.    The FLSA prohibits employers from discharging, penalizing, or in any manner discriminating or retaliating against an employee for making a verbal or written complaint regarding possible wage-and-hour violations under the FLSA. 29 U.S.C. § 215(a)(3).

79.    Defendants unlawfully retaliated against Plaintiff on the basis of her protected activities under the FLSA by refusing to assign additional work shifts to Plaintiff following her complaint of unpaid overtime.

80.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

81.    Due to Defendants' violation of FLSA, namely, retaliation against Plaintiff for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) emotional distress damages, (3) liquidated damages; and (4) attorneys' fees.

### FOURTH CAUSE OF ACTION
### *Retaliation in Violation of the New York Labor Law*

82.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.    Plaintiff is an employee and a protected person within the meaning of the NYLL and Defendants are covered employers under the NYLL.

84.    The NYLL § 215 prohibits employers from discharging, penalizing, or in any manner discriminating or retaliating against an employee for making a verbal or written complaint regarding possible wage-and-hour violations under the NYLL.

14

85.    Defendants unlawfully retaliated against Plaintiff on the basis of her protected activities under the NYLL by refusing to assign additional work shifts to Plaintiff following her complaint of unpaid overtime.

86.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

87.    Due to Defendants' violation of NYLL, namely, retaliation against Plaintiff for engaging in protected activities, Plaintiff is entitled to recover from Defendants: (1) economic damages; (2) emotional distress damages, (3) liquidated damages; and (4) attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Members, respectfully requests that this Court grant the following relief:

a.  Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.  An award of unpaid overtime due under the FLSA and NYLL;

c.  An award of unpaid spread-of-hours premium due under the NYLL;

d.  An award of liquidated damages as a result of Defendants' willful failure to pay overtime and spread-of-hours, pursuant to the FLSA or NYLL;

e.  Statutory penalties for Defendants' failure to provide Plaintiff and similarly situated employees with proper wage notices, as required by the NYLL;

f.  Statutory penalties for Defendants' failure to provide Plaintiff and similarly situated employees with proper wage statements, as required by the NYLL;

g.  An order awarding relief for Defendants' retaliation, including but not limited to lost compensation and emotional distress damages, under the FLSA and NYLL;

h.  Pre-judgment and post-judgment interest;

i.  Reasonable attorneys' fees and costs of this action;

j.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

k.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

l.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  July 28, 2026                                  Respectfully submitted,

                                                       **BROWN KWON & LAM, LLP**

                              By:      */s/ Clara Lam*

                                       Clara Lam, Esq. (CL6399)
                                       521 Fifth Avenue, 17th Floor
                                       New York, NY 10175
                                       Tel.: (212) 295-5828
                                       Fax: (718) 795-1642
                                       clam@bkllawyers.com
                                       *Attorneys for Plaintiff*

16